IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DANIEL RAY BROWN                                                                                           PLAINTIFF

v.                              Civil No. 13-3059

DANNY HICKMAN, Former Sheriff
of Boone County, Arkansas; and JASON
DAY, Jail Administrator, Boone County
Detention Center, each sued in their
individual and official capacities                                                                        DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Daniel Ray Brown filed this civil rights case pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis.*

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### 1. Background

On September 12, 2011, a civil case Brown had pending before the Circuit Court of Boone County, *Brown v. Watson, et al.,* CV 2011-099-4, was dismissed without prejudice. Brown believed that he had until September 12, 2012, to file a notice of appeal.

On August 31, 2012, Brown was booked into the Boone County Jail. According to Brown, the jail does not have a law library and he had no access to legal materials. For this

reason, Brown maintains he missed the deadline for filing his appeal in the Boone County Circuit Court case. As relief, Brown asks that he be awarded damages.

**2. Discussion**

This case is subject to dismissal for failure to state a claim upon which relief may be granted. "Inmates undeniably enjoy a constitutional right of access to the courts and the legal system." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996)(*citing Lewis v. Casey*, 518 U.S. 343 (1996)); *Bounds v. Smith*, 430 U.S. 817 (1997)). The right of access requires the provision of "prisoners with adequate law libraries or adequate assistance from persons trained in the law," *Bounds*, 430 U.S. at 828, to challenge their criminal charges, convictions, and sentences directly or collaterally or to challenge the conditions of their confinement through civil rights actions, *Casey*, 518 U.S. at 351; *see also Cody v. Weber*, 256 F. 3d 764, 767-68 (8th Cir. 2001)("right of access to the courts guarantees an inmate the ability to file lawsuits that directly or collaterally attack the inmate's sentence or that challenge the conditions of the inmate's confinement, but it does not extend to the right to 'discover grievances' or to 'litigate effectively once in court'")(*quoting Casey*, 518 U.S. at 354-55); *Klinger v. Department of Corrections*, 107 F.3d 609, 617 (8th Cir. 1997) (to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic).

In this case, Brown contends his injury occurred because he was unable to file his appeal due to his incarceration, which began on August 31, 2012, in Boone County Jail. This alleged injury cannot form the basis of a denial of access to the courts claim. Brown's notice of appeal would not have been timely if filed in August of 2012. Rule 4(a) of the Arkansas Rules of Appellate Procedure--Civil provides that "a notice of appeal shall be filed within thirty days (30)

from the entry of the judgment, decree, or order appealed from." Thus, Brown's time to file an appeal ran on October 12, 2011--ten months prior to his period of incarceration.

Moreover, the right of access to the courts is limited to cases in which inmates "attack their sentences, directly or collaterally, and . . . challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355. Brown's complaints about his inability of obtain the return of his personal property do not fall into these categories.

### 3. Conclusion

For the reasons stated, this case should be dismissed for failure to state a claim. Fed. R. Civ. P. 41(a).

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of June 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)